1
2

Matthew Swanlund (State Bar No. 204542)
  matthew@aestheticlegal.com
**AESTHETIC LEGAL, A.P.L.C.**

3

400 Corporate Pointe, Suite 300
Culver City, CA 90230

4

Telephone: (310) 301-4545

5
6

Attorney for Plaintiff
Danielle Lawson

7

8

9

10

11

12

# UNITED STATES DISTRICT COURT

13

## CENTRAL DISTRICT OF CALIFORNIA

14

15

DANIELLE LAWSON, an individual,

16

Plaintiff,

17

v.

18

THE WALT DISNEY COMPANY, a
Delaware corporation; DISNEY
ENTERPRISES, INC., a Delaware
corporation; and DOES 1-5,

19

20

21

22

Defendants.

Case No. 8:25−cv−00889−JVS−ADS

**FIRST AMENDED COMPLAINT
FOR:**

**1.     Copyright Infringement;**
**2.     Removal of Copyright
Management Information**
**3.     Demand for Jury Trial**

23

24

25

26

27

28

## COMPLAINT

Plaintiff Danielle Lawson ("Plaintiff" or "Lawson"), by and through undersigned counsel, hereby alleges as follows against The Walt Disney Company, Disney Enterprises, Inc., and Does 1-5 (collectively, "Defendant" or "Disney"):

## INTRODUCTION

1.     This action has been filed by Plaintiff to stop Defendant's infringement of Plaintiff's registered copyright, "Pride Rock Plunge," US Copyright Reg. No. VAu001211793 (the "Plaintiff's Copyright").

2.     The Plaintiff's Copyright was registered on May 11, 2015, and is valid, subsisting, and in full force and effect.

3.     Defendant has created an unauthorized derivative work based upon Plaintiff's Copyright and continues to display, reproduce, distribute and create derivative works that infringe Plaintiff's Copyright without authorization from Plaintiff.

4.     Plaintiff delivered a demand to Defendant to cease such infringement via letter dated November 1, 2024, but Defendant rejected such demand via letter dated January 6, 2025, and has continued to refuse to cease such infringement.

5.     Plaintiff is forced to file this action to combat Defendant's infringement of the Plaintiff's Copyright.

6.     As a result of Defendant's actions, Plaintiff has been and continues to be irreparably damaged through infringement of its valuable intellectual property rights and therefore seeks injunctive and monetary relief.

7.     This Court has personal jurisdiction over Defendant, in that Defendant conducts significant business in California and in this Judicial District, and the acts and events giving rise to this lawsuit of which each Defendant stands accused were undertaken in California and in this Judicial District.

## SUBJECT MATTER JURISDICTION

8.     This Court has original subject matter jurisdiction over the copyright claim pursuant to the Copyright Laws of the United States, 17 U.S.C. § 101 et seq., 28 U.S.C. §

1338(a), and 28 U.S.C. § 1331.

## PERSONAL JURISDICTION AND VENUE

10.     This Court has personal jurisdiction over Defendant because Defendant has a continuous, systematic, and substantial presence within California, including within this Judicial District. Defendant regularly conducts business within California, including in this Judicial District.

11.     In addition, Defendant has committed acts of copyright infringement in California and in this Judicial District, including, but not limited to, a substantial part of the events or omissions giving rise to Plaintiff's claims.

12.     Defendant has displayed, reproduced and distributed unauthorized derivative works based upon the Plaintiff's Copyright in California (and more importantly, in this Judicial District).

## THE PARTIES

13.     Plaintiff is an individual permanently residing in the State of California, having a principal place of business in Los Angeles, California, in Los Angeles County.

14.     Upon information and belief, Defendant The Walt Disney Company is a Delaware corporation, having a principal address of 500 S Buena Vista St, Burbank, CA 91521; and Defendant Disney Enterprises, Inc., is a Delaware corporation, having a principal address also of 500 S Buena Vista St, Burbank, CA 91521.

## COMMON ALLEGATIONS FOR ALL CLAIMS OF RELIEF
### Plaintiff's Copyright

15.     Plaintiff is the sole and exclusive author of numerous original creative components all incorporated into one registered original work of art for an amusement park attraction titled "Pride Rock Plunge." Such work was registered with the US Copyright Office on May 11, 2015 (US Copyright Reg. No. VAu001211793), and includes artistic images and renderings of such components (the "Lawson Attraction"):

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28













FIRST AMENDED COMPLAINT  8:25−cv−00889−JVS−ADS









16.     The Lawson Attraction is a comprehensive, visually developed and designed work of conceptual art, theme park attraction, thrill ride and themed immersive entertainment area. The Lawson Attraction is a registered collective work comprising a curated sequence of visual, narrative, spatial, and technical elements designed as an immersive artistic and entertainment experience and qualifies as a collective work expression of a jungle-themed, story-based, narrative-driven, theme park water attraction, set inside of a mountain that combines original:

a) Set designs,

b) Animatronic character action and placement;

c) Water ride layout in three tiers with three slopes;

d) Thrill ride sequence and pacing, building to a final climactic water drop;

e) Water element of attraction ride;

f) Landscape elements including exterior mountain staged in jungle and interior mountain/cavern with jungle sets and components;

g) Combination of interior and exterior ride locations;

h) Scripted sequences and story elements;

i) West African-themed character and clothing design;

j) West African-themed setting;

k) Vibrant color palette;

l) Mountain with three tiers;

m) Emotional journey shown through rhythmic color/light shifts;

n) Exterior drop as narrative & visual peak;

o) West African environment with cultural influences for food/ shop, souvenirs and character costumes;

p) Audio animatronics and special effects;

q) Lighting and spatial effects; and

r) Thematic storytelling.

These components, when integrated into a single, immersive ride experience, constitute an expressive collective whole.

17. Plaintiff makes no claim to any Disney intellectual property, and Plaintiff intentionally excluded all Disney intellectual property from her Copyright application, specifically excluding the pre-existing material described as, "Pride Rock and characters from Disney's Lion King" (the "Disney IP").

18. Plaintiff is the sole author of original creative elements of the Lawson Attraction that are wholly independent and unrelated to the Disney IP.

19.     Plaintiff intentionally and appropriately excluded the Disney IP from her Copyright application and has made no claim of ownership to the Disney IP.

20.     Plaintiff asserts authorship and ownership of the remainder of the Lawson Attraction other than the excluded Disney IP.

21.     The Lawson Attraction as defined herein refers only to intellectual property elements wholly created and owned by Plaintiff and expressly excludes the Disney IP. Plaintiff makes no claims of ownership of the Disney IP.

22.     Plaintiff owns all rights, including without limitation, the rights to reproduce the Lawson Attraction, to publicly display the Lawson Attraction, to prepare derivative works based upon the Lawson Attraction, and to distribute the Lawson Attraction to the public, all as the owner of Plaintiff's Copyright.

**Defendant's Infringing Activities**

23.     At Defendant's recent D23 event on August 10, 2024, Defendant announced a new Lion King themed attraction to be constructed at the Disneyland Paris amusement park, and displayed, distributed and reproduced a mock-up of such new attraction for the public (the "Infringing Attraction"):



24.     Defendant continues to display the Infringing Attraction on its website: https://news.disneylandparis.com/en/disneyland-paris-will-welcome-the-worlds-first-attraction-and-immersive-themed-area-inspired-by-the-lion-king-and-reveals-that-world-of-frozen-will-open-in-2026/ and at https://disneyconnect.com/d23-horizons-disney-

experiences-announcements/.

25.    There are clear and distinct similarities between the Lawson Attraction and the Infringing Attraction, including but not limited to the wholly owned and original elements of the Lawson Attraction.

26.    Plaintiff has not granted or inferred upon Defendant any rights to reproduce, display, distribute, or create derivative works based upon the Lawson Attraction in any way. Consequently, Defendant's unauthorized reproduction, display, distribution, performance and creation of derivative works in the form of the Infringing Attraction containing numerous components of the Lawson Attraction (including the protected selection, coordination, and arrangement of visual, narrative, spatial, and technical elements) constitutes intentional copyright infringement.

27.    Defendant's reproduction, display, distribution, performance and creation of derivative works of Plaintiff's protected intellectual property without permission is a violation of the Copyright Act. See 17 U.S.C. §§106 & 501.

28.    It is clear that: (i) Plaintiff owns the copyright in the Lawson Attraction; (ii) that the Lawson Attraction is registered with the US Copyright Office; (iii) that Defendant created unauthorized derivative works of the Lawson Attraction; (iv) that Defendant currently displays unauthorized derivative works of the Lawson Attraction; and (v) that Defendant publicly distributes unauthorized derivative works of the Lawson Attraction without authorization. Defendant's conduct violates the Copyright Act.

29.    On information and belief, Defendant generally retains full ownership of its intellectual property, including theme park attractions. The creative talents involved, such as Defendant's Imagineers, designers, and writers, are usually compensated through their salaries or project-based contracts rather than through royalties.

30.    On information and belief, however, there are exceptions in cases where Defendant collaborates with external creators or licenses third-party intellectual property (e.g., with movie studios or authors). In those scenarios, the original creators or rights holders might receive royalties based on licensing agreements. These individuals might be

referred to as "creative consultants," "licensing partners," or simply "rights holders."

31.    On information and belief, for internal Defendant talent, such as Imagineers, their contributions are part of their employment, but might include titles such as "Creative Director," "Senior Imagineer," "Show Producer," or "Attraction Designer." Their recognition often comes through awards, credits, and promotions within the company rather than through ongoing residuals.

32.    Plaintiff informed Defendant on November 1, 2024, of such infringement, and offered in good faith an amicable resolution that may involve potential working opportunities whereby Defendant could benefit from Plaintiff's skills and unique perspective and Plaintiff could be compensated accordingly for her valuable design work. Plaintiff welcomed a conversation about how such a relationship would work.

33.    Defendant responded to Plaintiff on January 6, 2025, rejecting Plaintiff's claims and refusing to discuss any resolution that would involve a working relationship between Plaintiff and Defendant.

34.    Despite Plaintiff's demand letter, as of the date of this Complaint filing, the Infringing Attraction is still being reproduced, displayed and distributed by Defendant, more than five (5) months after the demand letter was sent.

35.    Defendant has reproduced, displayed, and distributed derivative works in the form of the Infringing Attraction in California, including in this Judicial District.

36.    Defendant has directly profited from the reproduction, display and distribution of derivative works in the form of the Infringing Attraction. Defendant has a direct financial interest in the reproduction, display and distribution of derivative works in the form of the Infringing Attraction.

37.    Defendant is not in any way affiliated with Plaintiff. At no time has Plaintiff ever granted Defendant any license, permission, or authority to use or display, reproduce, distribute or market the Lawson Attraction or create derivative works based upon the Lawson Attraction or the Plaintiff's Copyright.

38.    Upon information and belief, Defendant knew of the Plaintiff's Copyright and

FIRST AMENDED COMPLAINT  8:25−cv−00889−JVS-ADS

Plaintiff's rights therein when Defendant began marketing, advertising, promoting and distributing the Infringing Attraction.

39. Defendant's acts complained of herein have been willful and deliberate. Defendant has intentionally attempted to capitalize on the Lawson Attraction without compensation or credit to Plaintiff.

40. Defendant's acts complained of herein have caused damage to Plaintiff in an amount to be determined at trial, and such damages will continue to increase unless Defendant is enjoined from its wrongful acts and infringement.

41. Defendant's acts complained of herein have caused Plaintiff to suffer irreparable injury to its business.

## History of Engagement Between Plaintiff and Defendant

42. The similarities between the Lawson Attraction and the Infringing Attraction are more concerning due to the established history of engagement between Plaintiff and Defendant's representatives, specifically regarding the Lawson Attraction. The Lawson Attraction was not created by Plaintiff on speculation, but rather with the express knowledge of Defendant's executives, including but not limited to Will Martinez (Creative Director), and Dave Durham (Disney Imagineer Director) on the Disney Imagineering campus in Glendale, California.

43. During Plaintiff's college career, she began developing the Lawson Attraction and expressed a desire to explore becoming a Disney Imagineer to her professor, David Nicksay. In 2014, Mr. Nicksay introduced Plaintiff to Will Martinez (Creative Director) at Disney. Mr. Martinez served as Plaintiff's mentor for approximately five (5) years from 2014 until 2019, and provided encouragement, assurances and expectations that Plaintiff would have the ability to develop and present the Lawson Attraction to Disney executives as an entry to potential employment opportunities with Disney as an Imagineer.

44. Plaintiff and Mr. Martinez communicated as recently as September 12, 2019, about potentially applying for an Imagineer position with Disney. Plaintiff had no further interaction with Mr. Martinez after September 12, 2019.

FIRST AMENDED COMPLAINT  8:25−cv−00889−JVS−ADS

45.    The recent D23 announcement is where Plaintiff discovered the Infringing Attraction's similarities to the Lawson Attraction. Plaintiff also noticed that Michel Den Dulk (Portfolio Creative Director for Disneyland Paris) appears to be employed in the same Disney Imagineering office in Glendale, California as Mr. Martinez.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
### (17 U.S.C. §§ 101 *et seq.*)

46.    Plaintiff hereby repeats, realleges, and incorporates by reference Paragraphs 1 – 45 of this Complaint as though fully set forth herein.

47.    Plaintiff owns all exclusive rights, including without limitation the rights to reproduce the Lawson Attraction in copies; to prepare derivative works based upon the Lawson Attraction; to distribute copies of the Lawson Attraction to the public; and to publicly display the Lawson Attraction, including without limitation copyrights covered by the Plaintiff's Copyright.

48.    Defendant has displayed, distributed, reproduced, and created derivative works based upon the Lawson Attraction without Plaintiff's permission, and has not ceased such activities in connection with the Plaintiff's Copyright.

49.    Defendant had access to the Lawson Attraction before Defendant created the Infringing Attraction.

50.    Upon information and belief, Defendant has intentionally copied Plaintiff's Copyright for the Lawson Attraction. Alternatively, Defendant's representations of the Infringing Attraction are strikingly similar, or at the very least substantially similar, to Plaintiff's Copyright for the Lawson Attraction and constitute unauthorized copying, reproduction, distribution, creation of a derivative work, and/or public display of Plaintiff's Copyright for the Lawson Attraction.

51.    On information and belief, Defendant's infringing acts were willful, deliberate, and committed with prior notice and knowledge of Plaintiff's Copyright. Defendant willfully, wantonly, and in conscious disregard and intentional indifference to

the rights of Plaintiff made and distributed in the United States, including this District, caused to be made and distributed in the United States, including this District, and aided, abetted, contributed to, and participated in the unauthorized making and distribution of infringing materials.

52.     Defendant either knew, or should have reasonably known, that the Lawson Attraction was protected by copyright and their representations infringed on Plaintiff's Copyright. Defendant continues to infringe upon Plaintiff's rights in and to the copyrighted works.

53.     As a direct and proximate result of their wrongful conduct, Defendant has realized and continues to realize profits and other benefits rightfully belonging to Plaintiff. Accordingly, Plaintiff seeks an award of damages pursuant to 17 U.S.C. § 504.

54.     In addition to Plaintiff's actual damages, Plaintiff is entitled to receive the profits made by Defendant from their wrongful acts, pursuant to 17 U.S.C. § 504(b). Defendant should be required to account for all gains, profits, and advantages derived by Defendant from their acts of infringement.

55.     In the alternative, Plaintiff is entitled to, and may elect to choose, statutory damages pursuant to 17 U.S.C. § 504(c), which should be enhanced by 17 U.S.C. § 504(c)(2) because of Defendant's willful copyright infringement.

56.     Plaintiff is entitled to, and may elect to choose, injunctive relief under 17 U.S.C. § 502 enjoining any use or exploitation by Defendant of their infringing work and for an order under 17 U.S.C. § 503 that the Infringing Attraction be impounded and destroyed.

57.     Plaintiff seeks and is also entitled to recover attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

58.     Plaintiff has no adequate remedy at law, and, if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to the Plaintiff's Copyright.

## SECOND CAUSE OF ACTION

## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

#:130

**(17 U.S.C. §1203(c)(3))**

59.    Plaintiff hereby repeats, realleges, and incorporates by reference Paragraphs 1 – 58 of this Complaint as though fully set forth herein.

60.    This is an action for removal of copyright management information under the Copyright Act, 17 U.S.C. §§ 1202, et seq.

61.    Plaintiff is the owner of valid and enforceable copyrights in the Lawson Attraction, which contain copyrightable subject matter under 17 U.S.C. §§ 101, et seq.

62.    Plaintiff's deposit materials submitted to the US Copyright Office with her application for copyright registration included certain images containing the name, signature and identifying information of Plaintiff, including but not limited to the following images:





63.    Without permission from Plaintiff, Defendant distributed, displayed, and reproduced identical and substantially similar designs bearing protected elements of the Lawson Attraction, and created derivative works based upon the Lawson Attraction.

64.     Defendant, without the authority of Plaintiff or the law, copied, distributed and publicly displayed derivative works based upon the Lawson Attraction, knowing that Plaintiff's name, signature and identifying information was removed or altered without authority of Plaintiff or the law.

65.     Defendant knew or had reasonable grounds to know that removing or altering Plaintiff's name, signature and identifying information will induce, enable, facilitate, or conceal an infringement of Plaintiff's rights.

66.     Defendant's removal or alteration of Plaintiff's name, signature and identifying information from derivative works based upon the Lawson Attraction is a violation of 17 U.S.C. § 1202(b).

67.     Defendant, by its actions, has damaged Plaintiff in an amount to be determined at trial.

68.     Defendant, by its actions, have irreparably injured Plaintiff. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.     That the Court render a final judgment in favor of Plaintiff and against Defendant on all claims for relief alleged herein;

2.     That the Court render a final judgment that Defendant has violated 17 U.S.C. § 101(a) by directly, contributorily, and/or vicariously infringing the Plaintiff's Copyright (Reg. No. VAu001211793);

3.     That Defendant, its agents, servants, employees, attorneys, successors, and assigns, and all other persons in active concert or participation with Defendant who receive actual notice of the injunction by personal service or otherwise, be forthwith preliminarily and permanently enjoined from:

a. using any of the Plaintiff's Copyright, in connection with Defendant's

FIRST AMENDED COMPLAINT  8:25−cv−00889−JVS−ADS

products or services, using the Plaintiff's Copyright in advertising or promoting Defendant's products or services, and/or using confusingly similar variations of Plaintiff's Copyright in any manner;

b. distributing, reproducing, displaying, advertising, marketing, or promoting any products or services protected by Plaintiff's Copyright;

c. without permission or authorization from Plaintiff, copying, reproducing, distributing, displaying, creating derivative works of the Plaintiff's Copyright;

d. filing any applications for registration of any copyrighted works, or designs substantially similar to the Plaintiff's Copyright; and

e. otherwise infringing the Plaintiff's Copyright.

4.    That Defendant be required to account to Plaintiff for any and all profits derived by Defendant and all damages sustained by Plaintiff by virtue of Defendant's acts complained of herein;

5.    That Defendant be ordered to pay over to Plaintiff all damages which Plaintiff has sustained as a consequence of the acts complained of herein, subject to proof at trial, together with prejudgment and post-judgment interest;

6.    That Plaintiff be awarded its damages and Defendant's profits under 17 U.S.C. § 504, as well as enhanced damages pursuant to 17 U.S.C. § 504. Alternatively, if Plaintiff elects, that Plaintiff be awarded statutory damages pursuant to 17 U.S.C. § 504;

7.    That Defendant's actions be deemed willful;

8.    That an award of reasonable costs, expenses, and attorneys' fees be awarded to Plaintiff pursuant to at least 17 U.S.C § 505;

9.    That Plaintiff be awarded damages for Defendant's violation of 17 U.S.C. §1203(c)(3);

10.   That Defendant be required to deliver and destroy all devices, literature, advertising, goods and other unauthorized materials bearing the Plaintiff's Copyright, pursuant to 17 U.S.C. § 503; and

11.   That Plaintiff be awarded such other and further relief as this Court may deem just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
**AESTHETIC LEGAL, A.P.L.C.**

Dated: August 7, 2025

By:   /s/ Matthew Swanlund

Matthew Swanlund
400 Corporate Pointe, Suite 300
Culver City, CA 90230
Telephone: 310.301.4545

Attorney for Plaintiff
DANIELLE LAWSON

FIRST AMENDED COMPLAINT  8:25−cv−00889−JVS−ADS