JOEL D. SIEGEL (Bar No. 155581)
joel.siegel@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Tel: (213) 623-9300 / Fax: (213) 623-9924

STEPHANIE S. ABRUTYN (*pro hac vice*)
stephanie.abrutyn@dentons.com
DENTONS US LLP
1900 K Street NW
Washington, DC 20006
Tel: (202) 496-7649 / Fax: (202) 496-7756

*Attorneys for Defendants*
*The Walt Disney Company and*
*Disney Enterprises, Inc.*

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DANIELLE LAWSON, an individual,

Plaintiff,

v.

THE WALT DISNEY COMPANY, a Delaware corporation; DISNEY ENTERPRISES, INC., a Delaware corporation; and DOES 1-5,

Defendants.

Case No. 8:25-cv-00889-JVS-ADS

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Judge: James V. Selna
Hearing Date: September 29, 2025
Time: 1:30 p.m.
Courtroom: 10C
Date Action Filed: April 30, 2025

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

**TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

Defendants The Walt Disney Company and Disney Enterprises, Inc. (collectively, "Defendants" or "Disney") respectfully request that the Court take judicial notice of (1) Exhibits A to L and paragraphs 9 and 11 of the Declaration of Stephanie S. Abrutyn, dated August 28, 2025 ("Abrutyn Declaration"), and (2) the fact that Disney has a long history of operating theme parks that feature attractions and characters from existing Disney intellectual property, including Disney films, or Exhibits 1 to 6 of Defendants' Request for Judicial Notice, all listed below, submitted in support of Defendants' concurrently filed Motion to Dismiss Plaintiff's First Amended Complaint.

## I. EXHIBITS SUBJECT TO REQUEST FOR JUDICIAL NOTICE

1. Attached as **Exhibit A** to the Abrutyn Declaration is a true and correct copy of Plaintiff's copyright registration bearing Registration No. VAu001211793 for a work entitled "Pride Rock Plunge" ("Registration").

2. Attached as **Exhibit B** to the Abrutyn Declaration is a true and correct copy of the deposit copy for the Registration, obtained from the U.S. Copyright Office.

3. Attached as **Exhibit C** to the Abrutyn Declaration is a true and correct copy of a PDF for the search result for the Registration in the U.S. Copyright Office Public Records System, located at https://publicrecords.copyright.gov/detailed-record/voyager_27753242, last visited on August 25, 2025.

4. Attached as **Exhibit D** to the Abrutyn Declaration is a true and correct copy of Disney's copyright registration for its 1994 "The Lion King" motion picture.

5. Attached as **Exhibit E** to the Abrutyn Declaration is a true and correct copy of Disney's copyright registration for its 2019 "The Lion King" motion picture ("2019 Registration").

6. Enclosed in the Abrutyn Declaration, at paragraph 9, is a true and correct copy of a single frame from the deposit copy for the 2019 Registration.

7. Attached as **Exhibit F** to the Abrutyn Declaration is a true and correct copy of a spreadsheet cataloging Disney's 647 U.S. copyright registrations relating to "The Lion King."

8. Attached as **Exhibit G** to the Abrutyn Declaration is a true and correct copy of Disney's copyright registration for its "Disney Baby Lifestyle 3 2014" visual material ("Disney Baby Lifestyle Registration").

9. Enclosed in the Abrutyn Declaration, at paragraph 11, is a true and correct copy of an image from the deposit copy for the Disney Baby Lifestyle Registration.

10. Attached as **Exhibit H** to the Abrutyn Declaration are true and correct copies of Disney's 12 U.S. trademark registrations relating to "The Lion King."

11. Attached as **Exhibit I** to the Abrutyn Declaration are true and correct copies of records from the U.S. Copyright Office identifying Disney's U.S. copyright registrations relating to Splash Mountain.

12. Attached as **Exhibit J** to the Abrutyn Declaration are true and correct copies of Disney's 5 U.S. trademark registrations for the well-known 3 Circle Device Logo and a hat with the silhouette "Mouse Ears."

13. Attached as **Exhibit K** to the Abrutyn Declaration are true and correct copies of Disney's 1 U.S. copyright registration and 2 U.S. trademark registrations for "Animal Kingdom."

14. Attached as **Exhibit L** to the Abrutyn Declaration are true and correct copies of Disney's 1 U.S. copyright registration and 14 U.S. trademark registrations for "Walt Disney World."

15. Attached as **Exhibit 1** to Defendants' Request for Judicial Notice is a true and correct copy of a PDF of the entire web page that is publicly available at https://disneyland.disney.go.com/destinations/disneyland/, last visited August 25, 2025.

16. Attached as **Exhibit 2** to Defendants' Request for Judicial Notice is a true and correct copy of a PDF of the entire web page that is publicly available at

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

https://disneyland.disney.go.com/destinations/disney-california-adventure/#top-attractions, last visited August 25, 2025.

17. Attached as **Exhibit 3** to Defendants' Request for Judicial Notice is a true and correct copy of a PDF of the entire web page that is publicly available at https://disneyworld.disney.go.com/destinations/epcot/, last visited August 25, 2025.

18. Attached as **Exhibit 4** to Defendants' Request for Judicial Notice is a true and correct copy of a PDF of the entire web page that is publicly available at https://disneyworld.disney.go.com/destinations/hollywood-studios/, last visited August 25, 2025.

19. Attached as **Exhibit 5** to Defendants' Request for Judicial Notice is a true and correct copy of a PDF of the entire web page that is publicly available at https://disneyworld.disney.go.com/destinations/magic-kingdom/, last visited August 25, 2025.

20. Attached as **Exhibit 6** to Defendants' Request for Judicial Notice is a true and correct copy of a PDF of the entire web page that is publicly available at https://disneyworld.disney.go.com/destinations/animal-kingdom/, last visited August 25, 2025.

## II. ARGUMENT IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE

Under Federal Rule of Evidence 201, "if requested by a party and supplied with the necessary information," a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

It is well-settled that the Court may take judicial notice of records of the U.S. Copyright Office and U.S. Patent and Trademark Office pursuant to Fed. R. Evid. 201(b)(2). *See EVO Brands, LLC v. Al Khalifa Grp. LLC*, 657 F. Supp. 3d 1312, 1321 (C.D. Cal. 2023) (taking judicial notice of U.S. Patent and Trademark Office records); *Fisher v. Nissel*, No. CV 21-5839-CBM-(KSX), 2022 WL 16961479, at *4 (C.D. Cal.

Aug. 15, 2022) (taking judicial notice U.S. Copyright Office records). Exhibits A to I meet this standard, are the proper subject for judicial notice, and therefore should be judicially noticed.

Specifically, Exhibits A to E, Exhibits G to L, and the images shown in paragraphs 9 and 11 to the Abrutyn Declaration, are records of the U.S. Copyright Office and U.S. Patent and Trademark Office. Exhibit F, although not an official record of the U.S. Copyright Office, contains a catalog of 647 U.S. copyright registrations, with information derived directly from publicly available U.S. Copyright Office records. The accuracy of these government records, and a document containing only government record information, cannot reasonably be questioned and thus are the proper subject for judicial notice. *See* Fed. R. Evid. 201(b)(2); *EVO Brands, LLC*, 657 F. Supp. 3d at 1321; *Fisher v. Nissel*, 2022 WL 16961479, at *4.

Additionally, the Court should take judicial notice of the fact that that Disney has a long history of operating theme parks that feature attractions and characters from existing Disney intellectual property, including Disney films. This fact is "generally known within the trial court's territorial jurisdiction." Fed. R. Evid. 201(b)(1).

Moreover, the accuracy and authenticity of web pages from Disney's websites, *see* Exhibits 1 to 6 to Defendants' Request for Judicial Notice, identifying Disney attractions based on well-known Disney properties and films cannot reasonably be questioned. *See* Fed. R. Evid. 201(b)(1); *see also Matthews v. Nat'l Football League Mgmt. Council*, 688 F.3d 1107, 1113 (9th Cir. 2012) (taking judicial notice of information from party website on motion to dismiss); *accord Nelson Bros. Pro. Real Est. LLC v. Jaussi*, No. SA CV 17–0158–DOC (JCGx), 2017 WL 8220703, at *3 (C.D. Cal. Mar. 23, 2017); *see also BMG Rts. Mgmt. (US) LLC v. Joyy Inc.*, 644 F. Supp. 3d 602, 606 (C.D. Cal. 2022) ("Courts in this circuit have considered webpages judicially noticeable where the website's content was readily verifiable and highly relevant to the case, and where the website's authenticity was not in question." (citing cases)). Indeed, Plaintiff relies on web pages from Disney's websites as the basis for her claims in the

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
(213) 623-9300

First Amended Complaint. ECF No. 25 ¶ 24. The existence of Disney attractions based on Disney films are the proper subject for judicial notice. *See* Fed. R. Evid. 201(b)(2); *Matthews*, 688 F.3d at 1113; *Nelson*, 2017 WL 8220703, at *3.

Judicial notice is appropriate here because, on a Rule 12(b)(6) motion to dismiss, "[t]he court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Accordingly, the Court should take judicial notice of (1) Exhibits A to L and paragraphs 9 and 11 of the Abrutyn Declaration, and (2) the fact that Disney has a long history of operating theme parks that feature attractions and characters from existing Disney intellectual property, including Disney films, or Exhibits 1 to 6 of Defendants' Request for Judicial Notice.

Dated: August 28, 2025

Respectfully submitted,

DENTONS US LLP

By: */s/ Joel D. Siegel*
Joel D. Siegel
Stephanie S. Abrutyn (*pro hac vice*)

*Attorneys for Defendants The Walt Disney Company and Disney Enterprises, Inc.*

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300