JOEL D. SIEGEL (Bar No. 155581)
joel.siegel@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Tel: (213) 623-9300 / Fax: (213) 623-9924

STEPHANIE S. ABRUTYN (*pro hac vice*)
stephanie.abrutyn@dentons.com
DENTONS US LLP
1900 K Street NW
Washington, DC 20006
Tel: (202) 496-7649 / Fax: (202) 496-7756

*Attorneys for Defendants*
*The Walt Disney Company and*
*Disney Enterprises, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIELLE LAWSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE WALT DISNEY COMPANY, a Delaware corporation; DISNEY ENTERPRISES, INC., a Delaware corporation; and DOES 1-5,<br><br>Defendants. | Case No. 8:25-cv-00889-JVS-ADS<br><br>**DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Judge: James V. Selna<br>Hearing Date: September 29, 2025<br>Time: 1:30 p.m.<br>Courtroom: 10C<br>Date Action Filed: April 30, 2025 |

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................ 5

II.   ARGUMENT ...................................................................................................... 6

   A.   The First Amended Complaint Does Not State a Claim for Copyright Infringement. ........................................................................................... 6

      1.   Dismissal of this Case Is Appropriate. ........................................... 6

      2.   The Opposition Improperly Expands the Scope of Plaintiff's Copyright Beyond her Registered Work. .................................... 8

      3.   The D23 Image Is Not Substantially Similar to Any of Plaintiff's Drawings. ....................................................................................... 11

      4.   Plaintiff's Arguments Regarding Access Are Not in the FAC ................................................................................................ 13

   B.   Plaintiff's DMCA Claim Cannot Withstand a Motion to Dismiss. ....... 13

   C.   The Court Should Not Grant Plaintiff Leave to Amend her Complaint for a Second Time. ................................................................................. 14

III.   CONCLUSION ................................................................................................ 15

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alfred v. Walt Disney Co.*,
   821 F. App'x 727 (9th Cir. 2020) ........................................................................ 8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................ 8

*Biani v. Showtime Networks, Inc.*,
   No. 24-3949, 2025 WL 2586647 (9th Cir. Sept. 8, 2025) ............................... 6, 7

*Burrow-Giles Lithographic Co. v. Sarony*,
   111 U.S. 53 (1884) ............................................................................................ 10

*Carlini v. Paramount Pictures Corp.*,
   No. 21-55213, 2022 WL 614044 (9th Cir. Mar. 2, 2022) ............................... 6–7

*Corwin v. Walt Disney World Co.*,
   No. 6:02-cv-1377-Orl-19KRS,
   2005 WL 8165579 (M.D. Fla. Apr. 28, 2005) .................................................. 10

*Esplanade Prods., Inc. v. Walt Disney Co.*,
   768 F. App'x 732 (9th Cir. 2019) ........................................................................ 7

*Esplanade Prods., Inc. v. Walt Disney Co.*,
   No. CV 17-02185-MWF, 2017 WL 5635027 (C.D. Cal. Nov. 8, 2017) ....... 8, 13

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
   499 U.S. 340 (1991) .......................................................................................... 10

*Hanagami v. Epic Games, Inc.*,
   85 F.4th 931 (9th Cir. 2023) ............................................................................. 13

*Kevin Barry Fine Art Assocs. v. Ken Gangbar Studio, Inc.*,
   391 F. Supp. 3d 959 (N.D. Cal. 2019) .............................................................. 10

*King v. Navy Fed. Credit Union*,
   699 F. Supp. 3d 864 (C.D. Cal. 2023) .............................................................. 13

*Loomis v. Cornish*,
   836 F.3d 991 (9th Cir. 2016) ............................................................................ 13

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

3

*Masterson v. Walt Disney Co.*,
 821 F. App'x 779 (9th Cir. 2020) .................................................................... 7

*Peter T. Erdelyi & Assocs. v. Optimum Seismic, Inc.*,
 No. 2:20-cv-11066-JVS-GJSx, 2021 WL 4775635 (C.D. Cal. July 1, 2021) .... 14

*Rentmeester v. Nike, Inc.*,
 883 F.3d 1111 (9th Cir. 2018) ................................................................... 7, 12

*Ricketts v. CBS Corps.*,
 439 F. Supp. 3d 1199 (C.D. Cal. 2020) ............................................................ 9

*Ryan v. Editions Ltd. W., Inc.*,
 786 F.3d 754 (9th Cir. 2015) ......................................................................... 14

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
 806 F.2d 1393 (9th Cir. 1986) ....................................................................... 15

*Skidmore as Trustee for Randy Craig Wolfe Trust v. Led Zeppelin*,
 952 F.3d 1051 (9th Cir. 2020) ................................................................... 7, 12

*Star Athletica, L.L.C. v. Varsity Brands, Inc.*,
 580 U.S. 405 (2017) ................................................................................ 10, 11

*Woodland v. Hill*,
 136 F.4th 1199 (9th Cir. 2025) ..................................................................... 6, 7

**Statutes and Rules**

17 U.S.C § 101 ................................................................................................. 11

17 U.S.C § 102 ................................................................................................. 10

17 U.S.C § 410 ................................................................................................... 9

17 U.S.C § 411 ................................................................................................... 9

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

# DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's Opposition to Defendants' Motion to Dismiss the First Amended Complaint (ECF No. 28) ("Opposition" or "Opp.") reinforces the many reasons why Plaintiff's First Amended Complaint ("FAC") fails on its face.[1] Instead of cohesive reasoning that identifies the specific copyrightable material owned by Plaintiff in each of the Drawings that also can be found in Defendants' D23 Image, the Opposition reads like an amalgamation of briefings from other cases. It contains citations to the FAC that do not exist (*e.g.*, exhibits that are not appended), introduces allegations that are not in the FAC, has headings that do not pertain to the text of the section, and repeats copied and pasted text. The Opposition also takes liberties with the law—including quoting a non-existent case and citing factually or procedurally distinguishable cases, while asserting incorrectly that it is Defendants who have somehow misapplied Ninth Circuit law. Plaintiff cannot escape the deficiency of her pleading and of her case. It should be dismissed with prejudice.

While certain types of copyright infringement claims may not readily lend themselves to dismissal at the pleading stage, this case is not one of them. Both Plaintiff's Drawings and the D23 Image are before the Court. Plaintiff does not and cannot dispute that (i) her Drawings are filled with Disney IP, and (ii) the Disney IP should be excluded from the Court's comparisons of the works. Even if only the Disney IP—and not the non-copyrightable material such as functional elements or scènes à faire—is filtered out, there still is nothing left that could form the basis of an infringement claim, under any test. Instead, the Opposition reveals that Plaintiff's claims rely entirely on expanding her copyright to include the "concept" of a Lion

---

[1] Unless otherwise indicated, capitalized terms bear the meaning ascribed to them in Defendants' Memorandum of Points and Authorities (ECF No. 26) ("Moving Brief" or "Mov. Br.").

5

King-themed roller coaster, which is neither in the Registration nor copyrightable as a matter of law.

Although the Court should apply the virtual identity test, even applying the substantial similarity test that Plaintiff asserts is the correct approach, the Drawings and D23 Image are not substantially similar. Plaintiff's conclusory claims to the contrary cannot overcome the failure of the Opposition to specify what the protectible similarities are, nor the Court's ability to determine from the works incorporated into the FAC that there are none.

Faced with these infirmities, the Opposition seeks to introduce new allegations regarding Defendants' alleged access, and neglects to address most, if not all, of the fundamental reasons why the DMCA claim is deficient. Armed with only conclusions, Plaintiff instead asks this Court to open the door to discovery. Both *Iqbal* and Ninth Circuit precedent make clear that Plaintiff's invitation to a fishing expedition is not the answer. Plaintiff has had every opportunity to amend her pleading to address these deficiencies, and despite already having done so once, Plaintiff now asks for leave to amend her FAC again. Allowing Plaintiff to do so, however, would be a waste of time and judicial resources. There are no allegations that Plaintiff can add to her pleading to make her claims viable. Accordingly, the Court should dismiss the FAC without leave to amend.

## II. ARGUMENT

### A. The First Amended Complaint Does Not State a Claim for Copyright Infringement.

#### 1. Dismissal of this Case Is Appropriate.

Contrary to the Opposition's summary of applicable law, *see* Opp. at 1–2, 8, the Ninth Circuit repeatedly has recognized that a copyright infringement claim can be dismissed at the pleading stage. *See, e.g.*, *Biani v. Showtime Networks, Inc.*, No. 24-3949, 2025 WL 2586647, at *4 (9th Cir. Sept. 8, 2025); *Woodland v. Hill*, 136 F.4th 1199, 1210 (9th Cir. 2025); *Carlini v. Paramount Pictures Corp.*, No. 21-55213,

6

2022 WL 614044, at *2 (9th Cir. Mar. 2, 2022); *Masterson v. Walt Disney Co.*, 821 F. App'x 779, 781–82 (9th Cir. 2020); *Esplanade Prods., Inc. v. Walt Disney Co.*, 768 F. App'x 732, 733 (9th Cir. 2019); *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1118 (9th Cir. 2018). Although the *subjective* intrinsic test may raise factual questions, the *objective* extrinsic test can properly be applied on a motion to dismiss. *See, e.g.*, *Woodland*, 136 F.4th at 1210 ("While 'the intrinsic test is reserved exclusively for the trier of fact,' the extrinsic test 'may be decided by the court as a matter of law,' [a]nd because a plaintiff must satisfy both the extrinsic and intrinsic tests, failure to meet the extrinsic test is fatal." (citations omitted)).

Just this month, the Ninth Circuit again affirmed a district court's dismissal of a copyright infringement claim on a Rule 12(b)(6) motion because there was no substantial similarity of protectable elements as a matter of law. *See Biani*, 2025 WL 2586647, at *4–5. In that case, the plaintiff alleged that a television series infringed her original characters. *See id.* at *2. Considering the district court's application of the substantial similarity test, the Ninth Circuit agreed that the plaintiff's "alleged similar characteristics are at a level of generality that is unprotectable." *Id.* at *5. Applying the extrinsic test, and filtering out the unprotectable elements, the Ninth Circuit also agreed that the plaintiff failed to allege substantial similarity. *Id.* The Opposition suggests that *Skidmore as Trustee for Randy Craig Wolfe Trust v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020), holds differently and supports Plaintiff's argument that copyright infringement claims cannot be disposed of on a motion to dismiss. *See* Opp. at 8–9. But that case involved music and was in an entirely different posture—namely, on appeal from a judgment after a jury trial.

Examining the allegations actually found in the FAC in light of well-settled Ninth Circuit law reveals that this case is suitable for dismissal at this stage. The Court has both Plaintiff's Drawings, including the deposit copy, and the D23 Image before it for consideration. *See* FAC ¶¶ 15, 23; Abrutyn Decl. Ex. B. Unlike numerous other

cases, including those which Plaintiff cites,[2] there are no factual questions such that discovery is needed, let alone any that require discovery to assist the Court in identifying the allegedly protectable elements of Plaintiff's expression in the D23 Image. Plaintiff concedes that she disclaimed the Lion King IP from her Registration. *See* Opp. at 3, 5. Filtering out the Disney IP from Plaintiff's Drawings, as the Court must, there is nothing unique left in Plaintiff's Drawings that also is in the D23 Image. *See* Mov. Br. at 26–28; *infra* at pp. 11–13. The Court does not need discovery, testimony, or expert opinion to determine lack of similarity. *See Esplanade Prods., Inc. v. Walt Disney Co.*, No. CV 17-02185-MWF (JCx), 2017 WL 5635027, at *8 (C.D. Cal. Nov. 8, 2017) ("[T]here is no logical reason to delay the inevitable when the Court already has the allegedly infringed and infringing works before it on a motion to dismiss."), *aff'd*, 768 F. App'x 732 (9th Cir. 2019); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). The Court can and should—as the Ninth Circuit has repeatedly affirmed—hold that the D23 Image is not substantially similar to Plaintiff's Drawings, and thus Plaintiff's copyright infringement claim must be dismissed.[3]

### 2. The Opposition Improperly Expands the Scope of Plaintiff's Copyright Beyond her Registered Work.

The Opposition takes many liberties, from arguing based on allegations that are not present in the FAC to trying to construe the Drawings as a theme park attraction, not 2-D artwork and sculpture as stated in the Registration. *See* Opp. at 4–6; Abrutyn

---

[2] Plaintiff relies on *Alfred v. Walt Disney Co.*, 821 F. App'x 727 (9th Cir. 2020), which is readily distinguishable. There, the film and screenplay at issue were nearly twenty years old, and there were a host of questions regarding movie tropes. *Id.* at 729. Here, all images are before the Court and the Court need not consider or rely on scènes à faire to determine that the D23 Image is not substantially similar.

[3] Plaintiff erroneously argues that "dismissal is only appropriate where 'no reasonable jury could find that the works are substantially similar,'" but that is the summary judgment standard. Opp. at 5 (citing *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir. 1994)).

8

Decl. Ex. A. However, Plaintiff cannot claim copyright protection for something beyond what is registered. *See* 17 U.S.C. § 411(a); *Ricketts v. CBS Corps.*, 439 F. Supp. 3d 1199, 1212 (C.D. Cal. 2020) (on motion for judgment on the pleadings, considering only "the works that are subject to a registered copyright"), *aff'd sub nom. Ricketts v. Berlanti Prods.*, No. 20-55912, 2022 WL 1046252 (9th Cir. Apr. 7, 2022). Nor as a matter of law can she claim copyright protection in an idea or functional design components. *See* Mov. Br. at 19–20. Aside from the Disney IP, which Plaintiff concedes is disclaimed and agrees the Court should filter out of its analysis (Opp. at 8), there is little left in Plaintiff's Drawings, and certainly nothing unique and protectable that also is in the D23 Image. *See* Mov. Br. at 18–20; *infra* at pp. 10–11.

Throughout the Opposition, Plaintiff improperly attempts to expand her Registered Work. *See* Opp. at 4–6. The Opposition describes her work as "a thrill ride weaving through savanna, waterfall, mountain, and cave environments, with color schemes evoking emotional progression," and claims that her original contributions include "the ride's mountain integration," "multi-tiered track ride layout, water element, narrative sequencing, [] immersive perspectives," "scenery, character development, and narrative flow." *Id.* Yet, as described by Plaintiff, many of these alleged contributions are uncopyrightable ideas, and the others are not present in the Registered Work, nor are they mentioned in the FAC. *See* FAC ¶¶ 15–16; Abrutyn Decl. Exs. A, B. Plaintiff cannot base her copyright claims on something beyond what is covered by her Registration. *See* 17 U.S.C. § 411(a); *Ricketts*, 439 F. Supp. 3d at 1212. Indeed, a copyright registration only constitutes "prima facie evidence of the validity of the copyright and of the facts stated in the certificate," 17 U.S.C. § 410(c), not prima facie evidence of "creativity" and "originality" as Plaintiff claims. Opp. at 3, 5. Defendants need not rebut Plaintiff's claimed copyright when what Plaintiff is claiming is plainly not covered by the Registration. *Compare* FAC ¶ 16, *with* Abrutyn Decl. Ex. A.

9

What the Opposition claims has been infringed is the "concept" of a theme park attraction. Opp. at 6. It is, however, well-settled law that concepts and ideas are not protectable. *See* 17 U.S.C. § 102(b); *Burrow-Giles Lithographic Co. v. Sarony*, 111 U.S. 53, 60 (1884). Plaintiff's ownership of a copyright in Drawings depicting a Lion King-themed roller coaster does not give her a monopoly on the idea of a Lion King theme park attraction. Just as the court declined to do in *Corwin v. Walt Disney World Co.*, when plaintiff there sought to base a claim on an idea depicted in a painting, *see* No. 6:02-cv-1377-Orl-19KRS, 2005 WL 8165579, at *8 (M.D. Fla. Apr. 28, 2005), this Court should not permit Plaintiff to misuse copyright law to claim ownership of the idea for a Lion King-themed attraction.

As Defendants detailed in their Moving Brief, Plaintiff's copyright in many of the Drawings is thin. *See* Mov. Br. at 18–20. Plaintiff argues that the copyright protection in her Drawings is broad because she adds at least "minimal creativity" and she "made numerous, extensive, substantive, original creative decisions." *See* Opp. at 5–6. But these buzz words do not spell broad copyright protection. Minimal creativity is the minimum requirement for copyright protection, and Plaintiff's *amount* of decision-making—which sounds an awful lot like sweat of the brow—is not credited in copyright protection. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345, 352–55 (1991). Plaintiff cites *Kevin Barry Fine Art Assocs. v. Ken Gangbar Studio, Inc.*, 391 F. Supp. 3d 959 (N.D. Cal. 2019), a case involving sculptures depicting patterns of nature, which merely outlines general principles of copyright law, including that "a copyright infringement claim does not lie against a person who copies only 'ideas' or 'concepts' of another's original work." *Id.* at 966 (citing 17 U.S.C. § 102(b)).

Plaintiff also cannot escape that certain components of her Drawings for which she claims protection are functional elements. The Opposition cites *Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 580 U.S. 405 (2017), and asserts that her concept and layout can be separated from the ride's utility. Opp. at 6. But *Star Athletica* addressed

10

whether certain aspects of useful articles are entitled to copyright protection. 580 U.S. at 409. The conceptual separability test the Opposition employs does not apply to the Drawings, which are not useful articles. *See* 17 U.S.C. § 101; *Star Athletica*, 580 U.S. at 422. The Opposition misses the point, which is that functional aspects of a work, such as roller coaster tracks, are not entitled to copyright protection. *See* Mov. Br. at 19. Regardless, even considering the functional aspects and scènes à faire in Plaintiff's Drawings, the predominate use of Disney IP in the Drawings renders their copyright protection minimal.

### 3. The D23 Image Is Not Substantially Similar to Any of Plaintiff's Drawings.

The Opposition argues that the Court should apply the Ninth Circuit's substantial similarity test, Opp. at 8, but even under that approach, Plaintiff's allegations are deficient. Applying the extrinsic test, as articulated by Plaintiff, *see id.* at 5, 8, and outlined in Defendants' Moving Brief (at 17), the FAC does not pass muster.

The Opposition concedes that the Disney IP must be filtered out of the Drawings prior to assessing similarities. *See* Opp. at 8; Mov. Br. at 20–25.[4] After this filtering, the Opposition disconnects from reality, and from the allegations in the FAC. It argues that what is left after filtering out Disney IP is a "multi-tiered track layout weaving around and through a mountain, the narrative sequencing through savanna, mountain, waterfall, and cave environments, and the integration of character placements with special effects to evoke an emotional hero's journey." Opp. at 8. Plaintiff overstates what is contained in the Registered Work—"narrative sequencing," "special effects," and "an emotional hero's journey" are not present in the Drawings. *See* FAC ¶ 15; Abrutyn Decl. Exs. A, B. Plaintiff then asserts that the

---

[4] The Opposition inaccurately claims that Defendants over-filtered, Opp. at 9, failing to recognize that the illustrative images in the Moving Brief (at 21–25) only black out Disney IP, not functional aspects or scènes à faire.

11

D23 Image "mirrors" all these features, citing indiscriminately to the FAC and a missing Exhibit B, without regard for what the allegations actually state or what the D23 Image actually looks like. *See* Opp. at 8 (citing FAC ¶¶ 23–27, 47–58, Ex. B).[5]

Much like the FAC, aside from bare conclusions and buzz words, the Opposition does not identify *any* similarities actually found in the D23 Image. *See id.* A cursory review shows that the D23 Image does not contain a multi-tiered track layout, narrative sequencing, special effects, or an emotional hero's journey. *See* FAC ¶ 23. The Opposition also claims that objective dissection of "plot, themes, mood, setting, pace, characters, and sequence of events" confirms similarity. Opp. at 8. These categories—with a citation to a case that does not exist[6]—are relevant to narrative works, not sketches or illustrations like those at issue here. While the Opposition makes passing references to "selection and arrangement," *id.* at 5, 8, it cannot overcome the obvious, namely, that the selection and arrangement of elements in the Drawings and D23 Image are not similar enough that "the ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them." *Rentmeester*, 883 F.3d at 1121 (citation omitted).

Relying on bare conclusions of similarity, Plaintiff argues that the "differences" in the D23 Image raise factual issues. Opp. at 8–9. But the differences between Plaintiff's Drawings and the D23 Image—which is the only work identified in the FAC as allegedly infringing—are visible from the face of the FAC. *Compare* FAC ¶ 15, *with id.* ¶ 23. As the Ninth Circuit observed in a mostly inapplicable case involving choreography cited by Plaintiff, "some works are so dissimilar by plain

---

[5] Plaintiff makes the same argument under the virtual identity test, claiming that the D23 Image "mirrors" her Drawings closely, pointing to the "cave-top drop, waterfall integration, and narrative pacing." Opp. at 9. These alleged similarities—one of which is not even covered by the Registered Work—also are not enough to amount to virtual copying. *See* Mov. Br. at 16–17, 25–26.

[6] Plaintiff relies on *Skidmore* and "*Bourne Co. v. Dr. Seuss Enters*," but the *Skidmore* decision does not contain the quoted language and *Bourne* is a fictious case that appears to be an amalgamation of two different case names. The proffered citation for *Bourne*, 581 F.3d 951, 963 (9th Cir. 2009), leads to a Title VII retaliation case.

sight that any person observing them could confidently conclude that they do not share substantial similarities." *Hanagami v. Epic Games, Inc.*, 85 F.4th 931, 945 (9th Cir. 2023). Even drawing all inferences in Plaintiff's favor, she has not plausibly alleged substantial similarity of protectable elements. No discovery is needed for the Court to confirm what it can plainly see from the pleading. *See id.*; *Esplanade Prods.*, 2017 WL 5635027, at *8.

### 4. Plaintiff's Arguments Regarding Access Are Not in the FAC.

The Opposition also attempts to cure Plaintiff's now repeated failure to sufficiently allege access by substituting allegations that are not present in the FAC. *See King v. Navy Fed. Credit Union*, 699 F. Supp. 3d 864, 870 (C.D. Cal. 2023) ("Plaintiff may not amend his allegations through facts raised in opposition to a motion to dismiss."). However, neither the allegations in the FAC nor the new allegations in the Opposition complete the chain between Plaintiff's work and the unidentified person who created the D23 Image, rendering Plaintiff's conclusory allegation of access implausible. *See* FAC ¶¶ 42–45, 49; Opp. at 6–8.[7] Her claims therefore should be dismissed for this independent reason.

### B. Plaintiff's DMCA Claim Cannot Withstand a Motion to Dismiss.

Plaintiff's barebones and conclusory arguments on the DMCA claim do nothing to demonstrate why it should survive. As Defendants detailed in their Moving Brief, the Court should dismiss Plaintiff's DMCA claim because the FAC fails to: (1) state a claim for copyright infringement, (2) provide sufficient notice of which subsection of 1202(b) allegedly was violated, (3) plausibly allege that Defendants used an identical work, (4) plausibly allege knowledge that CMI was removed, and (5) plausibly allege that the action "will induce, enable, facilitate, or conceal an infringement." Mov. Br. at 30–33.

---

[7] Plaintiff argues that corporate access by one employee is sufficient (Opp. at 7), citing *Loomis v. Cornish*, 836 F.3d 991 (9th Cir. 2016). That case in fact holds the opposite.

13

Plaintiff argues that the FAC's allegations are "plausible" because the FAC alleges that "Defendants stripped Plaintiff's signatures and metadata from the D23 Image, a work deriving from her Drawings through substantial similarity in layout and sequencing." Opp. at 9–10 (citing FAC ¶¶ 60–68, Ex. B). However, the FAC does not attach the cited Exhibit B, nor allege that any of her Drawings—which are not digital files—contained metadata. *See* FAC ¶¶ 60–68. Plaintiff's argument also ignores that a violation of Section 1202(b)(1) or 1202(b)(3) cannot be based on a derivative work—even if substantially similar. *See* Mov. Br. at 31 (citing cases).

Plaintiff's argument regarding scienter likewise does not overcome the lack of allegations in the FAC. *See* Opp. at 10; Mov. Br. at 32. As this Court previously recognized, boilerplate allegations of "intent" to "induce, enable, facilitate, and/or conceal infringement"—similar to Plaintiff's allegations here—are insufficient. *Peter T. Erdelyi & Assocs. v. Optimum Seismic, Inc.*, No. 2:20-cv-11066-JVS-GJSx, 2021 WL 4775635, at *6 (C.D. Cal. July 1, 2021) (Selna, J.). Rather, "specific allegations as to how identifiable infringements 'will' be affected are necessary." *Id.* (quoting *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 674 (9th Cir. 2018)). The FAC does not contain any specific allegations to plausibly allege intent.

Accordingly, the Court should dismiss Plaintiff's DMCA claim.

### C. The Court Should Not Grant Plaintiff Leave to Amend her Complaint for a Second Time.

Given the fatal deficiencies in her case, the Court should not permit Plaintiff to amend her pleading for the second time. Plaintiff makes an *ad hoc* request for leave to amend in her Opposition, yet does not address any of the factors that courts consider in determining whether to grant leave to amend (*see* Opp. at 10)—*e.g.*, bad faith, undue delay, prejudice, and futility. *See Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 767 (9th Cir. 2015). Other than the disclaimed Disney IP, there is no expression in Plaintiff's Drawings that also is in the D23 Image. *See supra* at pp. 11–13. Thus, there

simply are no allegations that Plaintiff can add to her pleading to make her claims that the D23 Image infringed on her Drawings viable.[8]

### III. CONCLUSION

Accordingly, for the foregoing reasons, and for the reasons stated in Defendants' Moving Brief, Defendants respectfully request that the Court grant Defendants' Motion and dismiss the First Amended Complaint in its entirety without leave to amend.

Dated: September 15, 2025

Respectfully submitted,

DENTONS US LLP

By: /s/ Stephanie S. Abrutyn
Joel D. Siegel
Stephanie S. Abrutyn (*pro hac vice*)

*Attorneys for Defendants The Walt Disney Company and Disney Enterprises, Inc.*

---

[8] Unlike the district court in *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986), which involved Rule 9(b) issues, the Court here should be able to readily find that "allegations of other facts consistent with the challenged pleading could not possibly cure the deficienc[ies.]" *Id.* (citation omitted).

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants The Walt Disney Company and Disney Enterprises, Inc., certifies that this brief contains 3,655 words, which complies with the word limit of L.R. 11-6.1.

Dated: September 15, 2025         /s/ Stephanie S. Abrutyn
                                  Stephanie S. Abrutyn